## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

## AT KANSAS CITY

| | |
|---|---|
| AMANDA MARTINEZ, Natural Mother of DANTE MIKAEL MARTINEZ, Deceased, | ) ) ) ) |
| ISMAEL MARTINEZ, Natural Father of DANTE MIKAEL MARTINEZ, Deceased, | ) ) ) ) |
| I.M. a Minor, Natural Son of DANTE MIKAEL MARTINEZ, Deceased, | ) ) ) |
| A.M. a Minor, Natural Daughter of DANTE MIKAEL MARTINEZ, Deceased | ) ) ) ) |
| DAKOTA EDWARDS, ALDO MARTINEZ, SHAELEANA MARTINEZ, MIA MARTINEZ, NARCISA SANDERS, | ) ) ) ) ) ) |
| TARAK DEVKOTA, Representative of The Estate of DANTE MIKAEL MARTINEZ, Deceased, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CRAWFORD COUNTY SHERIFF'S OFFICE | ) ) ) |
|    Serve:    Sheriff Danny Smith,    225 Enterprise Drive    Girard, KS 66743 | ) ) ) ) ) |
| and | ) |

1

| | |
|---|---|
| **DANNY SMITH, in his** | ) |
| **Official Capacity as Sheriff,** | ) |
| **Crawford County, Kansas** | ) |
| | ) |
|     **Serve** | ) |
|     **225 Enterprise Drive** | ) |
|     **Girard, KS 66743** | ) |
| | ) |
|     **Defendants.** | ) |

# COMPLAINT

## Parties, Jurisdiction, and Venue

**COMES NOW,** Plaintiff, Amanda Martinez, duly appointed Representative of the Estate of Dante Mikael Martinez, deceased, by and through her attorney of record, Tarak Alexander Devkota of the Devkota Law Firm, L.L.C., and for her Complaint against the Defendant, The Crawford County Sheriff's Office, states and alleges as follows:

1. Amanda Martinez is an individual resident of the State of Kansas currently residing in Pittsburg, Crawford County, Kansas. Ms. Martinez is the natural mother and heir-at-law of Dante Mikael Martinez, deceased.

2. Ismael Martinez is an individual resident of the State of Kansas, currently residing in Pittsburg, Crawford County, Kansas. Ismael Martinez is the natural Father and heir-at-law of Dante Mikael Martinez, deceased.

3. Dante Mikael Martinez was born on January 9th, 2001, and died on October 16th, 2021, at Freeman Hospital, in Joplin Missouri at the age of 20. Prior to his death, Mr. Martinez was an individual resident of the State of Kansas. Dante Mikael Martinez was the natural father of I.M. and A.M. and the son of Isamael Martinez and Amanda Martinez, and the natural brother of Dakota Edwards, Aldo Martinez, Shaeleana Martinez, Mia Martinez, and Narcisa Sanders.

2

4. I.M and A.M., who are each of the age of minority, are the natural son and natural daughter, respectively, and heirs at law of Dante Mikael Matinez, deceased.

5. Dakota Edwards is an individual resident of the State of Kansas and is the natural brother and heir at law of Dante Mikael Martinez, deceased.

6. Aldo Martinez is an individual resident of the State of Kansas and is the natural brother and heir at law of Dante Mikael Martinez, deceased.

7. Shaeleana Martinez is an individual resident of the State of Kansas and is the natural sister and heir at law of Dante Mikael Martinez, deceased.

8. Mia Martinez is an individual resident of the State of Kansas and is the natural sister and heir at law of Dante Mikael Martinez, deceased.

9. Narcisa Sanders is an individual resident of the state of Oklahoma and is the natural sister and heir at law of Dante Mikael Martinez, deceased.

10. Tarak Devkota is representative of the Estate of Dante Mikael Martinez, deceased.

11. Pursuant to K.S.A. 60-1901 and 60-1902, Plaintiffs Amanda Martinez and Ismael Martinez are authorized to maintain this cause of action and are the proper party Plaintiffs as parents and heirs at law of Dante Mikael Martinez, deceased.

12. The Defendant Sheriff's Office is a municipal law enforcement agency organized under the laws of the State of Kansas with its principal place of business in Crawford County, Kansas.

13. The Defendant Sheriff's Office owns and operates a county jail in Girard, Crawford County, Kansas known as the "Crawford County Jail."

14. The Defendant, Danny Smith, was at all times material hereto duly elected Sheriff of Crawford County, Kansas. Sheriff Smith was, in his official capacity, in charge of and responsible for the Crawford County Jail when Dante Mikael Martinez was blatantly murdered on the jail

grounds by another inmate. Danny Smith is a party Defendant in this matter in his official role as Sheriff of Crawford County, Kansas.

15. The Defendant Sheriff Danny Smith's liability depends upon his own actions and omissions and one or more of his subordinates having violated Mr. Martinez's constitutional rights. Under this Supervisory liability, the Sheriff is liable for his subordinates' violations of the protections afforded under the U.S. Constitution under his supervisory liability.

16. Sheriff Danny Smith was personally involved in the deliberate indifference to the safety and wellbeing of Dante Mikael Martinez and the deprivation of his constitutional rights and appropriate health care that was withheld, this deprivation caused or contributed to cause Mr. Martinez's death and the remaining Plaintiffs' damages, and Danny Smith personally had the state of mind to permit the wrongful conduct and omissions of the Defendants and their subordinates to cause harm to Plaintiffs.

17. 28 U.S.C. § 1331 is the general federal question jurisdictional statute which grants federal district courts with original subject matter jurisdiction over "all actions arising under the Constitution, laws, or treaties of the United States."  This Court enjoys general federal jurisdiction over Plaintiffs' Section 1983 claims and may enjoy Supplemental or ancillary jurisdiction to hear Plaintiffs' remaining claims which are substantially related pursuant to 28 U.S.C. § 1367.

18. 28 U.S.C. § 1391 is the general Venue statute which provides that a civil action may be brought in a judicial district in which any defendant resides, or where a substantial part of the events or omissions giving rise to the claim occurred. Because the events giving rise to Plaintiffs' claims arose in Girard, Crawford County, Kansas, venue is proper with this Court.

19. Plaintiffs have exhausted administrative remedies including the Kansas Tort Claim Act by providing statutory notice to the proper entity.

**General Facts Applicable to All Counts**

20. Dante Mikael Martinez was taken into custody and booked by members of the Crawford County Sheriff's Office, on October 14th, 2021, after which he was jailed in the Crawford County Jail.

21. On October 16th, 2021, Dante Mikael Martinez was transported from the Crawford County Jail to the Girard Medical Center after having been found unresponsive on the ground of the Crawford County Jail, in Girard Kansas. At the time, Mr. Martinez was noted to have had an obvious skull fracture after an altercation with visible indentation in forehead.

22. On that same day, Mr. Martinez was noted by the staff at the Crawford County Hospital as having a "frontal skull depression and ecchymosis with an "obvious deformity. Battle sign left posterior ear." Each pupil was noted to have been non-reactive with right periorbital swelling and bruising noted. Mr. Martinez was also found of have had intracranial bleeding, a history of TBI and "Assault by person."

23. Mr. Martinez was transferred to Freeman Hospital in Joplin, Missouri at 4:50 P.M. on October 16th, 2021, where he expired from his injuries.

24. Investigation into this matter has revealed that while in the custody, care, and control of the staff members of the Crawford County Sheriff's Office, in the Crawford County Jail, Mr. Dante Mikael Martinez was murdered by another inmate named Gavin Phillip Wood, who has since been charged with second degree murder in the death of Mr. Martinez.

25. At all times material hereto, all officers, staff members, officers, agents, representatives, and employees of the Crawford County Sheriff's Office were acting in the course and scope of their employment with the Sheriff's Office.

26. At all times material hereto, all agents, contractors, and representatives of the Crawford County Sheriff's Office, including Defendant Sheriff Danny Smith, were acting on behalf of disclosed and non-disclosed principals including the Crawford County Sheriff's Office and the Crawford County Jail.

### Count - I Negligence Wrongful Death

27. Plaintiffs incorporate by reference all allegations of fact and conclusions of law contained in paragraphs 1-26 as if fully set forth herein.

28. Plaintiffs are heirs at law and may commence an action for wrongful death pursuant to K.S.A. 60-1902 *et. seq*. This action is for the benefit of all heirs who have sustained a loss.

29. The Defendants, and their officers, employees, agents, and representatives owed a clear and established constitutional duty to take reasonable steps to protect prisoners' safety and body integrity.

30. While maintaining a county jail, the Defendants, their employees, agents, and representatives all owed a duty of care to the inmates housed therein. An obligation of reasonable care to inmates arises because inmates are not at liberty to meet their own needs and, thus, must depend upon those who hold them.

31. Moreover, a sheriff, jail, or prison, and all its personnel, owe a duty of reasonable care to protect an inmate from harm at the hand of another inmate. This law is clearly established.

32. It is well established law that having taken legal custody of those prisoners in a manner that "deprive[s]" them of "normal opportunities for protection," such an institution "is under a duty to ... take reasonable action to protect them against unreasonable risk of physical harm. As such, the Defendants owed a duty of reasonable care to protect its inmates from unreasonable risk of physical harm.

33. The Defendants are legally liable and responsible for the wrongful acts and omissions, negligence, and deprivation of constitutional rights of the Plaintiffs' decedent, by the Defendants' officers, administrators, employees, agents, and representatives under *responeat superior* and vicarious liability.

34. Dante Mikael Martinez was taken into custody by the Crawford County Sheriff's Office while in need of medical attention and with a serious medical condition for which he was deprived of and refused appropriate medical care and attention.

35. Dante Mikael Martinez was place in general population with dangerous inmates, some of whom are believed to have been associated with the "victim" of the crime for which Mr. Maritnez was incarcerated. The Defendants showed deliberate indifference to the safety and wellbeing of Dante Mikael Martinez in not affording him the medical attention he required and in not providing adequate protection for his life.

36. The Defendants, their employees, agents, and representatives breached the duty they owed to Dante Mikael Martinez by not exercising reasonable care to protect him against harm at the hands of another inmate when he was murdered on the grounds of the Crawford County Jail and in the custody, care, and control of the Defendants. The Defendants and their staff had sufficient notification of the substantial risk of harm Dante Mikael Martinez faced and did not take appropriate steps to intervene in his fatal attack. The Defendants and their staff for whom they were responsible, knew of and disregarded the excessive risk to an inmate's health and safety.

37. The Defendants, their employees, agents, and representatives knew or in the exercise of ordinary care should have known that Dante Mikael Martinez's safety was at unreasonable risk and that remaining in the general population without proper watch and supervision placed him in an unreasonably dangerous condition upon the premises of the Defendants. In this way, the

Defendants were deliberately indifferent to Mr. Martinez's risk of harm. The Defendants and their staff had sufficient notification of the substantial risk of harm Dante Mikael Martinez faced and did not take appropriate steps to intervene in his fatal attack.

38. The Defendants placed the decedent, Dante Mikael Martinez, at substantial risk of harm, as described above, was deliberately indifferent to that risk, and as a direct and proximate result, Mr. Martinez was murdered by another inmate causing the resulting damages sustained by the Plaintiff.

39. The Defendants failed to protect Plaintiffs' decedent, Dante Mikael Martinez, from violence by not placing him in protective custody in the face of substantial and unreasonable risk of harm, by not providing better/ more appropriate supervision and watch, and by not intervening to protect against his murder in a timely fashion when it knew of should have known that an assault was imminent.

40. Any reasonable officer, employee, agent or representative of the Defendants should have known that the deplorable conditions that Plaintiffs' decedent was subject to were unconstitutional. Plaintiffs' decedent was a known risk for attack or should have been a known risk for attack in the exercise of due care. The glaring inaction by the Defendants was an obvious violation of his constitutional rights.

41. The conduct and omissions of the Defendants and Defendants' officers, employees, agents, and representatives at issue were all non-discretionary functions and duties in that they did not involve an element of judgement or choice.

42. The Defendants, their officers, employees, agents, and representatives acting in their official capacity acted with deliberate indifference to the substantial risk to Dante Mikael

Martinez's safety and to protection from harm. The Defendants' actions were not objectively reasonable in light of clearly established law.

43. The Defendants, their officers, employees, agents, and representatives acting in their official capacity acted with deliberate indifference to serious medical needs (custodial medical care) of Dante Mikael Martinez in violation of the Eight Amendment to the United States Constitution and in violation of the Fourteenth Amendment's Due Process clause. These are clearly established constitutional rights and Dante Mikael Martinez was deprived of those rights by the Defendants.

44. Upon information and belief, the Defendants and their officers, employees, agents, and representatives acted in violation of their own jail policies and protocols providing circumstantial evidence that the Defendants were aware of substantial risk of serious harm. The polices and protocols that were violated had dictated defined courses of conduct or result that were not followed. The Defendants knew or should have known that their wrongful conduct and omissions were in violation of a clearly established constitutional right.

45. The wrongful conduct and omissions of the Defendants and their officers, employees, agents, and representatives did not involve the exercise or performance of or the failure to exercise or perform a discretionary function or duty. The Defendants failed to protect Dante Mikael Martinez from violent attacks by fellow inmates that they knew or should have known would occur, and their conduct and omissions involved no discretionary functions in this regard.

46. The Sheriff, Danny Smith, had an unconstitutional policy or custom as it related to keeping Dante Mikael Martinez free from fatal attacks and withholding required medical attention as it did, by inadequate staffing, lack of urgency surrounding jail medical care, and poor training of officers and other subordinates; this policy or conduct resulted in violations of Mr. Martinez's Fourteenth

Amendment's right to adequate medical care; and Sheriff Smith acted with deliberate indifference towards the risk that the policy or conduct of providing inadequate medical care would likely injure or kill Dante Mikael Martinez.

47. The Crawford County Sheriff's Office is liable for Official Capacity liability for substantially the same reasons Sheriff Smith is liable under Supervisory Liability in this matter.

48. As a direct and proximate result of the Defendants' negligence, as described above, Plaintiffs sustained injuries, damages, and death including mental anguish, conscious pain and suffering, bereavement, loss of society, companionship, comfort and protection, and the cost of funeral expenses.

49. As a direct and proximate result of the Defendants' negligence, as described above, Dante Mikael Martinez suffered conscious pain and suffering, mental anguish, and bereavement prior to his death for which his estate representative claims damages on the estate's behalf.

50. As a Direct and proximate result of the Defendants' negligence, as described above, Plaintiffs suffered financial losses from future wages and income and support, sustained costs and expenses for medical treatment for Dante Mikael Martinez's medical treatment and sustained the costs of funeral expenses for Dante Mikael Martinez.

**WHEREFORE**, Plaintiffs pray that this Court enter judgment in their favor and against the Defendants on Count I for Negligence Wrongful Death in an amount that is fair and reasonable but in excess of $75,000.00 (Seventy-five thousand dollars), for the costs of this action, for pre and post judgment interest by statute, and for such other and further relief as the Court may deem just, fair, and equitable.

**Count II - 42 U.S.C. § 1983 Violations.**

51. Plaintiffs incorporate by reference all allegations of fact and conclusions of law contained in paragraphs 1-50 as if fully set forth herein.

52. 42 U.S.C. § 1983, which provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

53. Under the Fourteenth Amendment due process clause, pre-trial detainees are entitled to the same degree of protection against the denial of medical attention which applies to convicted inmates under the Eighth Amendment. The Defendants were deliberately indifferent to the serious medical needs of Dante Mikael Martinez.

54. The facts of this case are particularly egregious in that any reasonable officer, employee, agent or representative of the Defendants should have known that the deplorable conditions the Plaintiffs' decedent was subjected to were unconstitutional. These constitutional rights were and are clearly established.

55. Defendants, through their agents, employees, and representatives, acted under the color of state law. While acting under the color of state law, Defendants deprived Dante Mikael Martinez of federal rights that are clearly established, objective, and reasonably known by the Defendants.

56. The Defendants' employees, agents and representatives deprived Plaintiffs' decedent of protections afforded under the First Amendment of the United States Constitution for free speech, assembly, and petition while acting under the color of state law.

57. The Defendants' employees, agents and representatives deprived Plaintiffs' decedent of protections under the Fourth Amendment of the United States Constitution for excessive force during arrests and detentions, while acting under the color of state law.

58. The Defendants' employees, agents and representatives deprived Plaintiffs' decedent of protections afforded under the Fifth Amendment of the United States Constitution for taking his life without just compensation, while acting under the color of state law. The Defendants were deliberately indifferent to the risk of harm they subjected Dante Mikael Martinez to and to not providing the required medical attention and care.

59. The Defendants' employees, agents and representatives deprived Plaintiffs' decedent of the protections afforded under the Eight Amendment of the United States Constitution for inflicting cruel and unusual punishment, while acting under the color or state law. Moreover, the Defendants' deliberate indifference to the risk of harm Plaintiffs' decedent was placed in by the Defendants, in violation of his Eight Amendment rights and freedoms. Defendants engaged in cruel and unusual punishment in violation of the Eight Amendment. The Defendants withheld medical care in violation of the Eight Amendment. A prison official's deliberate indifference to a substantial risk of serious injury and harm to an inmate violates the Eighth Amendment. The constitutional protections against deliberate indifference to a pre-trial detainee's serious medical condition springs from the Fourth Amendment's Due Process clause.

60. The Defendants employees, agents, and representatives deprived Plaintiffs' decedent of protections afforded under the Fourteenth Amendment of the United States Consitution for fair treatment and due process and procedural rights, while acting under the color of state law. Mr. Martinez was murdered while in custody without any fair treatment of due process or procedural

rights afforded to him. The Defendants knew of and disregarded the excessive risk to Dante Mikael Martinez's safety and health.

61. The Defendants were both aware of the facts from which the inference could be drawn that substantial risk of serious harm existed as it relates to Mr. Martinez, and that they drew the inference from the facts.

62. The Defendants had fair warning of the unconstitutional nature of their acts. No reasonable officer, employee, agent, or representative could have concluded that under the extreme circumstances of this case, it was constitutionally permissible to house Plaintiffs' decedent without proper supervision.

63. The nature of the charges against Plaintiffs' decedent, the lack of proper supervision, his need for appropriate medical attention and the substantial risk that Plaintiffs' decedent was subjected to all constitute facts under which no reasonable officer, employee, agent of representative of the Defendants could conclude that the Decedent's safety was adequately protected, or that his constitutionally afforded rights were protected.

64. Plaintiffs' decedent was essentially a "marked man" and the Defendants knew or should have known under the circumstances that his life was placed at an unreasonable risk of harm by, among other things, being placed in a population that constituted substantial risk of serious bodily harm or death because individuals believed to have been linked or associated with the "victim" of Mr. Martinez's crime, were permitted easy access to him in circumstances which made it possible to inflict serious bodily injury and death.

65. The Defendants, their officers, employees, agents, and representatives acting in their official capacity were deliberately indifferent to the substantial risk of decedent's safety and to his circumstances and condition, and to protect him from substantial risk of harm.

66. But for the Defendants' Section 1983 violations, Plaintiffs' decedent would not have been murdered.

67. As a direct and proximate result of the Defendants' Section 1983 violations, as described above, Plaintiffs sustained injuries, damages, and death.

68. As a direct and proximate result of the Defendants' Section 1983 violations, as described above, Plaintiffs sustained injuries, damages, and death including mental anguish, conscious pain and suffering, bereavement, loss of society, companionship, comfort and protection, and the cost of funeral expenses.

69. As a direct and proximate result of the Defendants' Section 1983 violations, as described above, Dante Mikael Martinez suffered conscious pain and suffering, mental anguish, and bereavement prior to his death for which his estate representative claims damages on the estate's behalf.

70. As a direct and proximate result of the Defendants' Section 1983 violations, Plaintiffs suffered financial losses from future wages and income and support, sustained costs and expenses for medical treatment for Dante Mikael Martinez's medical treatment and sustained the costs of funeral expenses for Dante Mikael Martinez.

**WHEREFORE**, Plaintiffs pray that this Court enter judgment in their favor and against the Defendants on Count II for Violations of 28 U.S.C. § 1983 in an amount that is fair and reasonable but in excess of $75,000.00 (Seventy-five thousand dollars), for the costs of this action, for pre and post judgment interest by statute, and for such other and further relief as the Court may deem just, fair, and equitable.

**Count III – Intentional Infliction of Emotional Distress and Outrage**

71. Plaintiffs incorporate by reference all allegations of fact and conclusions of law contained in paragraphs 1-70 as set forth fully herein.

72. The conduct of the Defendants was intentional or in reckless disregard for the Plaintiffs' decedent's safety, need for supervision or isolation, and need for medical attention and care.

73. But for the intentional conduct and/or reckless disregard for the Decedent's safety, Dante Mikael Martinez would have suffered emotional distress. Mr. Martinez suffered emotional distress as a direct and proximate cause of the Defendants' intentional conduct and reckless indifference to his safety.

74. Dante Mikael Martinez suffered extreme and severe emotional distress during his attack and during his murder.

75. The Defendants' conduct was so extreme and outrageous that it was beyond the bounds of decency in that no reasonable person could be expected to endure it.

76. The Defendants, their officers, employees, agents, and representatives, acting in their official capacity acted with deliberate indifference to the substantial risk to Dante Mikael Martinez's safety and to protect him from substantial risk of harm.

77. Plaintiffs' decedent was caused to experience extreme anxiety, fearfulness, extreme agitation, and would have required psychological treatment had he survived his attack.

78. As a direct and proximate result of the Defendants' Intentional Infliction of Emotional Distress, as described above, Dante Mikael Martinez suffered conscious pain and suffering, mental anguish, and bereavement prior to his death for which his estate representative claims damages on the estate's behalf.

79. As a direct and proximate result of the Defendants' Intentional Infliction of Emotional Distress, as described above, Plaintiffs suffered financial losses from future wages and income and support, sustained costs and expenses for medical treatment for Dante Mikael Martinez, and for the funeral for Dante Mikael Martinez.

**WHEREFORE**, Plaintiffs pray that this Court enter judgment in their favor and against the Defendants on Count III for Intentional Infliction of Emotional Distress and Outrage in an amount that is fair and reasonable but in excess of $75,000.00 (Seventy-five thousand dollars), for the costs of this action, for pre and post judgment interest by statute, and for such other and further relief as the Court may deem just, fair, and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand a jury trial on all issues so triable.

Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C

*/s/ Tarak Alexander Devkota*
Tarak Alexander Devkota,    KS #19767
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
P: (816) 842-9100
F: (816) 888-8770
litigation@devkotalawfirm.com
**ATTORNEY FOR PLAINTIFFS**